# Supreme Court of Florida

---

No. SC2025-0158

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.850 AND 3.853.**

September 25, 2025

PER CURIAM.

The Florida Bar's Criminal Procedure Rules Committee filed a report proposing amendments to Florida Rules of Criminal Procedure 3.850 (Motion to Vacate; Set Aside; or Correct Sentence) and 3.853 (Motion for Postconviction DNA Testing).[1] The Florida Bar's Board of Governors voted unanimously to recommend adoption of the amendments. After the Committee filed its report, the Court published the proposed amendments for comment. The Court received three comments, two of which were in favor of the proposed amendments. The Committee filed a response but did not recommend any additional changes based on the comments.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

After considering the proposal, the comments, and the Committee's response, we amend the Florida Rules of Criminal Procedure as proposed by the Committee with minor technical modifications. We discuss the more significant rule amendments below.

We first amend rule 3.850 by placing the part of subdivision (c) (Contents of Motion) that pertains to newly discovered evidence into its own new subdivision (d), titled "Claims of Newly Discovered Evidence."

Second, we add a new subdivision (e), titled "Claims of Failure to Call Witnesses," and reletter the subsequent subdivisions. Specifically, new subdivision (e)(1) requires that a defendant filing a claim for ineffective assistance of counsel based upon counsel's failure to call a witness other than an expert witness must allege the identity of the witness(es), the substance of the testimony, whether the witness(es) was available to testify at trial, and how the defendant was prejudiced. The defendant must also identify any known documentation supporting the claim or indicate why such documentation cannot be identified.

Next, new subdivision (e)(2) pertains to a claim of ineffective assistance of counsel based upon counsel's failure to either investigate or call an expert witness. The defendant must allege how he or she was prejudiced by counsel's failure. If an evidentiary hearing is scheduled on the claim, the defendant must name the expert witness(es) and provide any report from the expert(s) to the court and the state attorney within 30 days before the hearing. Failure to do so may result in dismissal of the claim with prejudice, absent a showing of good cause.

Last, we amend rule 3.853(f) (Appeal) to clarify that the defendant may appeal within 30 days from the date the order on the motion is rendered. By deleting the reference to "any adversely affected party," the rule no longer conflicts with Florida Rule of Appellate Procedure 9.140(c)(2), which allows the State only 15 days in which to appeal from an order in a postconviction case brought under rule 3.853.

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendments become effective on January 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Katelyn Knaak Johnston, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida, Hon. Laura E. Ward, Past Chair, Criminal Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Victoria J. Avalon, Bartow, Florida; Stacy Scott, Public Defender, Eighth Judicial Circuit of Florida, Gainesville, Florida, Jessica J. Yeary, Public Defender, Second Judicial Circuit of Florida, Tallahassee, Florida, and Megan Long, Assistant Public Defender, Second Judicial Circuit of Florida, Tallahassee, Florida, on behalf of Florida Public Defender Association, Inc., Tallahassee, Florida; and Douglas A. Wyler of Jacobs Scholz & Wyler, LLC, Fernandina Beach, Florida, on behalf of Florida Prosecuting Attorneys Association, Inc., Tallahassee, Florida,

    Responding with comments

# APPENDIX

## RULE 3.850.   MOTION TO VACATE; SET ASIDE; OR CORRECT SENTENCE

**(a)**   [No Change]

**(b)    Time Limitations.** A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion ~~shall~~may be filed or considered ~~pursuant to~~under this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that:

(1)-(2)    [No Change]

(3)    the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion. A claim based on this exception ~~shall~~may not be filed more than 2 years after the expiration of the time for filing a motion for postconviction relief.

**(c)    Contents of Motion.** The motion must be under oath stating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct. The motion must include the certifications required by subdivision (~~n~~p) of this rule and must also include an explanation of:

(1)-(7)    [No Change]

This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.

**(d)    Claims of Newly Discovered Evidence.** If the defendant is filing a newly discovered evidence claim based on recanted trial testimony or on a newly discovered witness, the defendant ~~shall~~must include an affidavit from that person as an attachment to his or her motion. For all other newly discovered evidence claims, the defendant ~~shall~~must attach an affidavit from any person whose testimony is

necessary to factually support the defendant's claim for relief. If the affidavit is not attached to the motion, the defendant shallmust provide an explanation why the required affidavit could not be obtained.

**(e)** **Claims of Failure to Call Witnesses.**

(1) If the defendant is filing a claim of ineffective assistance of counsel for failing to call a witness or witnesses, other than an expert witness, the defendant must specifically allege the identity of the witness(es), the substance of their testimony, whether the witness(es) was available to testify at trial, and how the defendant was prejudiced. Additionally, the defendant must identify any known documentation, which may include, but is not limited to police reports, sworn statements, or depositions supporting the claim, or indicate why such documentation cannot be identified.

(2) If the defendant is filing a claim of ineffective assistance of counsel for failing to call or investigate an expert witness or expert witnesses, the defendant must allege how the defendant was prejudiced for the failure to call or investigate the expert witness(es). Should an evidentiary hearing be granted based on a claim for failure to call or investigate an expert witness or expert witnesses, the defendant must name the expert witness(es) and provide any report from the expert witness(es) to the court and the state attorney within 30 days before an evidentiary hearing. Failure to name the expert witness(es) within the 30-day period of time provided by this rule may, absent a showing of good cause, result in the dismissal of such a claim with prejudice.

**(df)** **Form of Motion.** Motions shallmust be typewritten or hand-written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2 by 11 inch paper. No motion, including any memorandum of law, shallmay exceed 50 pages without leave of the court upon a showing of good cause.

**(eg)** **Amendments to Motion.** When the court has entered an order under subdivision (fh)(2) or (fh)(3), granting the defendant an

opportunity to amend the motion, any amendment to the motion must be served within 60 days. A motion may otherwise be amended at any time prior to either the entry of an order disposing of the motion or the entry of an order pursuant to subdivision (~~f~~h)(5) or directing that an answer to the motion be filed pursuant to (~~f~~h)(6), whichever occurs first. Leave of court is required for the filing of an amendment after the entry of an order pursuant to subdivision (~~f~~h)(5) or (~~f~~h)(6). Notwithstanding the timeliness of an amendment, the court need not consider new factual assertions contained in an amendment unless the amendment is under oath. New claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b).

**(~~f~~h)  Procedure; Evidentiary Hearing; Disposition.** On filing of a motion under this rule, the clerk shall forward the motion and file to the court. Disposition of the motion shall be in accordance with the following procedures, which are intended to result in a single, final, appealable order that disposes of all claims raised in the motion.

(1)  *Untimely and Insufficient Motions.* If the motion is insufficient on its face, and the time to file a motion under this rule has expired prior to the filing of the motion, the court ~~shall~~must enter a final appealable order summarily denying the motion with prejudice.

(2)  *Timely but Insufficient Motions.* If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion. If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court~~, in its discretion,~~ may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.

(3)  *Timely Motions Containing Some Insufficient Claims.* If the motion sufficiently states 1 or more claims for relief and it also attempts but fails to state additional claims, and the motion is

timely filed under this rule, the court ~~shall~~must enter a nonappealable order granting the defendant 60 days to amend the motion to sufficiently state additional claims for relief. Any claim for which the insufficiency has not been cured within the time allowed for such amendment ~~shall~~must be summarily denied in an order that is a nonfinal, nonappealable order, which may be reviewed when a final, appealable order is entered.

(4)     *Motions Partially Disposed of by the Court Record.* If the motion sufficiently states 1 or more claims for relief but the files and records in the case conclusively show that the defendant is not entitled to relief as to 1 or more claims, the claims that are conclusively refuted ~~shall~~must be summarily denied on the merits without a hearing. A copy of that portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief as to 1 or more claims ~~shall~~must be attached to the order summarily denying these claims. The files and records in the case are the documents and exhibits previously filed in the case and those portions of the other proceedings in the case that can be transcribed. An order that does not resolve all the claims is a nonfinal, nonappealable order, which may be reviewed when a final, appealable order is entered.

(5)     *Motions Conclusively Resolved by the Court Record.* If the motion is legally sufficient but all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case, the motion ~~shall~~must be denied without a hearing by the entry of a final order. If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief ~~shall~~must be attached to the final order.

(6)     *Motions Requiring a Response from the State Attorney.* Unless the motion, files, and records in the case conclusively show that the defendant is entitled to no relief, the court ~~shall~~must order the state attorney to file, within the time fixed by the court, an answer to the motion. The answer ~~shall~~must respond to the allegations contained in the defendant's sufficiently pleaded claims, describe any matters in avoidance of the sufficiently

pleaded claims, state whether the defendant has used any other available state postconviction remedies including any other motion under this rule, and state whether the defendant has previously been afforded an evidentiary hearing.

(7) [No Change]

(8) *Disposition by Evidentiary Hearing.*

(A) If an evidentiary hearing is required, the court ~~shall~~must grant a prompt hearing, ~~and shall~~cause notice to be served on the state attorney and the defendant or defendant's counsel, ~~and shall~~ determine the issues, and make findings of fact and conclusions of law with respect thereto.

(B) At an evidentiary hearing, the defendant ~~shall have~~has the burden of presenting evidence and the burden of proof in support of his or her motion, unless otherwise provided by law.

(C) The order issued after the evidentiary hearing ~~shall~~must resolve all the claims raised in the motion and ~~shall be~~is considered the final order for purposes of appeal.

**(~~g~~i)** **Defendant's Presence Not Required.** The defendant's presence shall not be required at any hearing or conference held under this rule except at the evidentiary hearing on the merits of any claim.

**(~~h~~j)** **Successive Motions.**

(1) [No Change]

(2) A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to

have asserted those grounds in a prior motion. When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court's ruling shallmust accompany the order denying the motion.

(ik) **Service on Parties.** The clerk of the court shallmust promptly serve on the parties a copy of any order entered under this rule, noting thereon the date of service by an appropriate certificate of service.

(jl) **Rehearing.** Any party may file a motion for rehearing of any order addressing a motion under this rule within 15 days of the date of service of the order. A motion for rehearing is not required to preserve any issue for review in the appellate court. A motion for rehearing must be based on a good faith belief that the court has overlooked a previously argued issue of fact or law or an argument based on a legal precedent or statute not available prior to the court's ruling. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shallmust be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought.

(km) **Appeals.** An appeal may be taken to the appropriate appellate court only from the final order disposing of the motion. All final orders denying motions for postconviction relief shallmust include a statement that the defendant has the right to appeal within 30 days of the rendition of the order. All nonfinal, nonappealable orders entered pursuant to subdivision (fh) should include a statement that the defendant has no right to appeal the order until entry of the final order.

(ln) **Belated Appeals and Discretionary Review.** Pursuant to the procedures outlined in Florida Rule of Appellate Procedure 9.141, a defendant may seek a belated appeal or discretionary review.

(mo) **Habeas Corpus.** An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule shallmust not be entertained if it

appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant's detention.

(~~n~~p) **Certification of Defendant; Sanctions.** No motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court.

(1) [No Change]

(2) The defendant ~~shall~~must either certify that the defendant can understand English or, if the defendant cannot understand English, that the defendant has had the motion translated completely into a language that the defendant understands. The motion ~~shall~~must contain the name and address of the person who translated the motion and that person ~~shall~~must certify that he or she provided an accurate and complete translation to the defendant. Failure to include this information and certification in a motion ~~shall be~~is grounds for the entry of an order dismissing the motion pursuant to subdivision (~~f~~h)(1), (~~f~~h)(2), or (~~f~~h)(3).

(3) Conduct prohibited under this rule includes, but is not limited to, the following:

(A)  the filing of frivolous or malicious claims;

(B)  the filing of any motion in bad faith or with reckless disregard for the truth;

(C)  the filing of an application for habeas corpus subject to dismissal pursuant to subdivision (~~m~~o);

(D)  the willful violation of any provision of this rule; and

(E)  the abuse of the legal process or procedures governed by this rule.

The court, upon its own motion or on the motion of a party, may determine whether a motion has been filed in violation of this rule. The court ~~shall~~must issue an order setting forth the facts indicating that the defendant has or may have engaged in prohibited conduct. The order ~~shall~~must direct the defendant to show cause, within a reasonable time limit set by the court, why the court should not find that the defendant has engaged in prohibited conduct under this rule and impose an appropriate sanction. Following the issuance of the order to show cause and the filing of any response by the defendant, and after such further hearing as the court may deem appropriate, the court ~~shall~~must make a final determination of whether the defendant engaged in prohibited conduct under this subdivision.

(4)  If the court finds by the greater weight of the evidence that the defendant has engaged in prohibited conduct under this rule, the court may impose one or more sanctions, including:

(A)-(D)  [No Change]

(E)  requiring that any further motions under this rule be signed by a member in good standing of The Florida Bar, who ~~shall~~must certify that there is a good faith basis for each claim asserted in the motion; and/or

(F)  [No Change]

(5)  [No Change]

**Committee Notes**
[No Change]

**Court Commentary**
[No Change]

# RULE 3.853.   MOTION FOR POSTCONVICTION DNA TESTING

**(a)-(e)**      [No Change]

**(f)**      **Appeal.** An appeal may be taken ~~by any adversely affected party within 30 days from the date the order on the motion is rendered~~to the appropriate appellate court only from the final order disposing of the motion. All final orders denying relief must include a statement that the ~~movant~~defendant has the right to appeal within 30 days ~~after the order denying relief is rendered~~of the rendition of the order. All nonfinal, nonappealable orders entered under this rule should include a statement that the defendant has no right to appeal the order until entry of the final order.